The Honorable Will Wagner Mayor of Lake Park 535 Park Avenue Lake Park, Florida 33403
Dear Mayor Wagner:
On behalf of the Town of Lake Park, you ask substantially the following question:
Does section 170.201, Florida Statutes, authorizing the imposition of special assessments, preclude the imposition of such assessments for law enforcement?
In sum:
The list of purposes in section 170.201, Florida Statutes, for which special assessments may be imposed is not exclusive and may include other municipal services. In addition, municipalities also possess home rule powers to impose special assessments. However, the imposition of special assessments to fund general law enforcement would not appear to be permissible in light of the decision of the Supreme Court of Florida in Lake County v. WaterOak Management Corporation.[1]
Chapter 170, Florida Statutes, provides a supplemental and alternative method for making municipal improvements.[2] Section170.201(1), Florida Statutes, provides:
"In addition to other lawful authority to levy and collect special assessments, the governing body of a municipality may levy and collect special assessments to fund capital improvements and municipal services, including, but not limited to, fire protection, emergency medical services, garbage disposal, sewer improvement, street improvement, and parking facilities. . . ."[3]
(e.s.)
Section 170.201, Florida Statutes, in enumerating the purposes for which a special assessment may be imposed, expressly states that the list is not inclusive.[4] Thus the statute encompasses capital improvements and municipal services other than those specifically enumerated. Providing law enforcement would appear to be a municipal service. For example, section 125.01(1)(q), Florida Statutes, authorizing the establishment of municipal service taxing or benefit units to provide essential facilities and municipal services and to fund those services through special assessments or taxes, specifically refers to law enforcement and fire protection.
The courts have also recognized that a municipality has the authority under its home rule powers, independent of Chapter 170, Florida Statutes, to impose special assessments. As the Supreme Court of Florida recognized in City of Boca Raton v. State,[5]
special assessments may be the subject of independent, home rule legislation without reliance on Chapter 170, Florida Statutes.
However, while special assessments may be imposed by a local ordinance, the levy must satisfy two established requirements to be a valid special assessment. As the Court in City of Boca Raton
stated:
"There are two requirements for the imposition of a valid special assessment. First, the property assessed must derive a special benefit from the service provided. Second, the assessment must be fairly and reasonably apportioned among the properties that receive the special benefit."[6]
In Water Oak Management Corporation v. Lake County,[7] the Fifth District Court of Appeal struck down a special assessment for fire protection services provided by the county under a plan which consolidated all of the county's previously created fire control districts into a single unit. The court held that there was no special benefit to properties on which the fire protection special assessment was imposed. Thus, the court concluded that the assessment was invalid under the special benefit test since every piece of property and every person in the unincorporated areas of the county had access to the same services and the special assessment merely funded undifferentiated service for the county and was designed to reduce the costs of service that would otherwise be funded by ad valorem taxes.
On appeal, the Supreme Court of Florida modified the lower court's opinion, finding that the fire protection services funded by the special assessment did provide a special benefit to the assessed properties.[8] In reaching that conclusion, however, the Court stated:
"Contrary to the assertions of the opponents to the assessment here, we do not believe that today's decision will result in a never-ending flood of assessments. Clearly, services such asgeneral law enforcement activities, the provision of courts, and indigent health care are, like fire protection services, functions required for an organized society. However, unlike fire protection services, those services provide no direct, special benefit to real property. . . . Thus, such services cannot be the subject of a special assessment because there is no logical relationship between the services provided and the benefit to real property."[9] (e.s.)
Thus, the enumeration of purposes in section 170.201, Florida Statutes, for which special assessments may be imposed is not exclusive. Moreover, municipalities also possess home rule powers to impose special assessments. The imposition of special assessments is permissible if the land on which the assessment is being imposed receives a special benefit and the assessment is fairly and reasonably apportioned among the properties that receive the special benefit. In light of the Supreme Court's decision in Lake County v. Water Oak Management Corporation,supra, however, the imposition of special assessments to fund general law enforcement would not appear to be permissible.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] 695 So.2d 667 (Fla. 1997).
[2] See, Title to Ch. 170, Fla. Stat. And see, s. 170.21, Fla. Stat., providing that the chapter provides supplemental, additional and alternative procedures "for the benefit of all cities, towns, and municipal corporations of the state, whether organized under special act or the general law[.]"
[3] The statute provides the costs of such special assessments may be based on:
"(a) The front or square footage of each parcel of land; or
(b) An alternative methodology, so long as the amount of the assessment for each parcel of land is not in excess of the proportional benefits as compared to other assessments on other parcels of land."
[4] And see, Argosy Limited v. Hennigan, 404 F.2d 14 (5th Cir. 1968) (the word "include" is usually a term of enlargement, not of limitation, and conveys a conclusion that there are other items includable although not specifically enumerated by statute); Op. Att'y Gen. Fla. 84-45 (1984).
[5] 595 So.2d 25 (Fla. 1992).
[6] Id. at 29. Cf., Sarasota County v. Sarasota Church ofChrist, Inc., 667 So.2d 180, (Fla. 1995) (Special assessments must confer specific benefit on land burdened by assessment and are imposed under theory that portion of community that bears cost of assessment will receive special benefit from improvement or service for which assessment is levied; although special assessment is typically imposed for specific purpose designed to benefit specific area or class of property owners, this does not mean that costs of services can never be levied throughout community as a whole).
[7] 673 So.2d 135 (Fla. 5th DCA 1996).
[8] Lake County v. Water Oak Management Corporation,695 So.2d 667 (Fla. 1997).
[9] Id. at 670 (in evaluating whether a special benefit is conferred to property by the services for which the assessment is imposed, the test is not whether the services confer a "unique" benefit or are different in type or degree from the benefit provided to the community as a whole; rather, the test is whether there is a "logical relationship" between the services provided and the benefit to real property).